UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| In Re: | ) | Case No's: 1-12-12945 |
| | ) | 1-12-12946 |
| Steven B. Larson and | ) | |
| Donna L. Nelson | ) | Consolidated Under |
| Debtors. | ) | Case No. 1-12-12945 |

DEBTORS' MODIFIED PLAN OF REORGANIZATION
DATED DECEMBER 17, 2014

The Debtors, Steven B. Larson and Donna L. Nelson, by their attorney Lucy A. Bjork, propose this Modified Plan of Reorganization pursuant to Chapter 12 of the United States Bankruptcy Code.

## DEFINITIONS

In this plan, the following terms have these meanings:

1. CONFIRMATION – "Confirmation" shall mean the entry by this Court of an Order confirming this Plan in accordance with Chapter 12.

2. EFFECTIVE DATE – "Effective Date" shall mean that date on which the Order confirming the Plan becomes final and non-appealable.

3. INTEREST – "Interest" shall mean simple interest calculated on a 365 day year. Interest provided for in this Plan shall accrue from the effective date. Payment to the Trustee shall constitute payment to Creditors for the purpose of calculating any interest.

4. COURT – "Court" shall mean the United States Bankruptcy court for the Western District of Wisconsin.

1

## BACKGROUND

Debtors are dairy farmers. Their farm real estate consists of approximately six (6) acres with a home, barn and pole shed.

**Debtors had to sell their cattle herd on November 14, 2014 because they did not have feed for the cattle and did not have funds to purchase feed. Debtors intend to keep approximately six (6) steers each year to raise as beef cattle. Debtors did pay the secured creditors Mark and Karen Lettner in full with the monies from the sale of the cattle herd.**

## ARTICLE I
### Classification of Claims and Interest

Pursuant to U.S. Code Sec. 122(a)(1), the Plan divides the holders of claims in these classes.

Class One:    Administrative expenses as the same shall be allowed approved by the Court including fees of the Debtors' counsel.

Class Two:    The claim of Bank of America on the real estate

Class Three:  The claim of Mark and Karen Lettner regarding the dairy cattle

Class Four:   The claim of Gehl Equipment regarding the Gehl skidsteer.

Class Five:   Unsecured Claims

## ARTICLE II
### Treatment of Claims

Class One: Class One claims shall be paid in full prior to payment of Class Two, Class Three and Class Four and Class Five Claims.

Class Two, Three and Four: These classes will be paid in full pursuant to the terms set forth in the debt service table below and as modified by the paragraph immediately preceding this paragraph (Class One).

Class Five: This class will be paid pursuant to the terms set forth in the debt service table below and as modified by the Class One paragraph.

2

## DEBT SERVICE TABLE FOR A PERIOD OF 38 MONTHS
## BEGINNING WITH CONFIRMATION OF MODIFIED PLAN

| CLASS | CLAIM | AMORT. PERIOD | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| Class One: Administrative | | | | |
| Class Two: Bank of America | $152,000.00 | 30 years | 5.0% | $ 815.97 |
| Class Three: Mark and Karen Lettner | **No payment Paid in full** | | | |
| Class Four: Gehl Equipment | No payment Paid in full | | | |
| Class Five: Unsecured | No Payment | | | |
| | | | | |
| Total Monthly Debt Payment | | | | $ 815.97 |
| Trustee fees | | | | $   81.60 |
| Total Monthly Payment | | | | $ 897.57 |

## ARTICLE III
Means for execution

1. The Debtors shall pay to the standing trustee monthly the sum set by the office of the United States Trustee as the trustee's fee arising by virtue of payments on claims, commencing 30 days after confirmation. For a period of 60 months, beginning 30 days after confirmation, the payment shall be the total amount shown in Debt Service Table above, adjusted for differences in the amounts of approved claims.

2. Regardless of any other provision of the Plan, the Trustee shall make payments only to creditors holding timely filed and allowed claims.

3. Confirmation of this Plan constitutes authorization to Bank of America to provide full services to the Debtors consistent with the terms of this Plan and constitutes limited relief from the stay of 11 U.S.C. 362 for that purpose.

4. After confirmation of the Plan, all checks jointly payable to the Debtors and any creditor shall be endorsed by the creditor for the Debtors' use, provided that the Debtors are in full compliance with the requirements of the Plan, the Bankruptcy Code, and the rules of the Bankruptcy Code.

3

5. <u>Post-Confirmation Status of Liens:</u>

    The Class Two, Three and Four creditors shall retain their liens following confirmation. Debtors shall comply with insurance and financial reporting requirements contained in pre-petition agreements with secured lenders.

6. All post-confirmation payments made under the Plan will be made to the Trustee in the form of check or money order showing the bankruptcy case number. Payment to the Trustee shall constitute payment to Creditors for the purpose of calculating any interest charge. Notwithstanding any other provision in this Plan, including payments to administrative and impaired secured creditors, shall be made to the Trustee in the form of check or money order. The first payment under this Plan shall be due one month after the effective date.

7. Debtor shall provide the Trustee: (1) quarterly cash flow statements and annual financial statements within 30 days after the end of each plan Quarter; (2) annual financial statements within 30 days after the end of each plan year; (3) a copy of timely filed income tax returns at the time of filing such returns; (4) upon demand, any other records which should be kept in the ordinary course of Debtors' business. The Trustee shall have the right, at any time, to require the Debtors to retain the services of a professional farm records specialist for the purpose of making the Debtors' required reports more accurate.

8. Amounts specified elsewhere in this Plan to be paid on claims not withstanding, any payment on a claim or class of claims shall be adjusted to amortize such claim (or the total claims in the class) over the period specified with the indicated interest, once the amount of the claim has been determined and allowed by the Court. Debtors shall forthwith notify the Trustee of any change in such payments.

9. Claims not filed before the bar date established in the Court's Notice of Chapter 12 Bankruptcy Case shall be barred.

10. The Order of Confirmation herein will constitute authorization to the Debtors to borrow funds in the ordinary course of business for the conduct of their farming operations, including milking cows, storage and shipping of milk product.

11. Executory Contracts: Debtor hereby assumes all executory contracts not specifically rejected in this Plan.

ARTICLE IV
Feasibility and Liquidation

The Debtors will be able to make all payments and comply with all provisions of the Plan based upon the availability of the Debtors of the income and property proposed to be

used under the Plan. The Debtors have no reason to believe that any income described herein, or any asset described herein, will not be available to the Debtors.

Liquidation of the Debtors' enterprise would probably result in less than full payment to secured creditors and no payment to unsecured creditors.

## ARTICLE V
### General

1. This Plan complies with the provision of Chapter 12 and all other applicable provisions of Title 11 of the United States Bankruptcy Code, and is proposed in good faith and not by any means forbidden by law.

2. Debtor submits all future income necessary for the execution of this Plan to the supervision and control of the Trustee, commencing within 30 days of confirmation for a term of 60 months.

3. The Trustee shall deduct, from payments received, the fee set by the Court or the United States Trustee Office.

4. Confirmation of the Plan shall vest in the Trustee the right, without regard to prior proceedings prosecuted or defended by Debtors, to (1) object to claims, and (2) continue or bring actions under 11 USC §544, 545, 547 or 533. Payments provided herein for claims which are not allowed or disallowed, and any avoidance recovery, shall be distributed to holders of priority and unsecured claims as provided under this Plan.

## ARTICLE VI
### Duration of Plan

This is a five year plan, beginning 30 days after confirmation (the "effective date").

## ARTICLE VII
### Jurisdiction of the Court

The Court will retain jurisdiction until this Plan has been fully consummated, including jurisdiction for the following purposes:

1. Determination of all questions and disputes regarding title to the assets of the estate, and determination of all causes of action, controversies, disputes or conflicts, whether or not subject to action pending as of the date of confirmation, between the Debtors and any other party.

2. The correction of any defect, curing of any omission, or reconciliation of any inconsistency in this Plan, or the Order of Confirmation, as may be necessary to carry out the purposes and intent of this Plan.

3. The modification of this Plan after confirmation.

4. To enforce and interpret the terms and conditions of this Plan.

5. Entry of any order necessary to enforce the title, rights and powers of the Debtors, and to impose such limitations, restrictions, terms and conditions as this Court may deem necessary.

Dated: December 26, 2014

                                                                   /s/
                                           Lucy A. Bjork
                                           Bjork Law Office
                                           E7818 County Road E
                                           Menomonie, WI 54751
                                           (715) 235- 9050